FILED

# THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

2011 APR 26 AM 11: 24

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

JASON QUINONES,

    Plaintiff,

v.

THE SHERIFF OF CITRUS COUNTY, in his official capacity, and BOBBY PRICE, in his representative and official capacity,

    Defendants.
_____/

Case No.: _____

5:11-CV-232-OC-10 KRS

## COMPLAINT AND DEMAND FOR JURY TRIAL

JASON QUINONES, by and through undersigned counsel and pursuant to Rule 23 of the Federal Rules of Civil Procedure, hereby sues the SHERIFF OF CITRUS COUNTY, in his official capacity, and BOBBY PRICE, in his representative and official capacity, and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has Jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has pendent jurisdiction over the state law claim pursuant to 28 U.S.C. §1367.

2. Venue of this legal action is properly within this Court as the acts and omissions of Defendants that give rise to this Action occurred in Citrus County, Florida, which is located within the Middle District of Florida.

### PARTIES

3. Plaintiff, JASON QUINONES, is and at all material times was, a resident of Inverness, Florida, a municipality located within Citrus County.

4. Defendant, THE SHERIFF OF CITRUS COUNTY ("SHERIFF"), is a constitutional officer of the State of Florida with the legal capacity to sue and be sued. The Sheriff is a resident of Citrus County, Florida.

5. Defendant, BOBBY PRICE is a deputy with the Citrus County Sheriff's Office. Price is a resident of Citrus County, Florida.

## GENERAL ALLEGATIONS

6. Pursuant to Florida law, the Sheriff is charged with the duty to supervise, manage, and control his deputies to prevent violations of the civil rights of citizens.

7. The Sheriff is responsible for the actions and conduct of his deputies carried out during the course and scope of their employment.

8. At all material times, Defendants had a duty under the Fourth Amendment to the Constitution of the United States to refrain from the use of excessive force in making an arrest, including in the deployment of police dogs.

9. The Sheriff has actual or constructive knowledge of a need to properly train his deputies in controlling and utilizing police dogs as law enforcement tools.

10. On September 19, 2010, Quinones and his son were involved in an altercation at their home. Quinones left the home, and his son contacted the Citrus County Sheriff's Office. Price and police dog, K-9 Kong, responded to the call.

11. Subsequently, Quinones, asleep outside of his home, was viciously attacked by K-9 Kong without provocation.

12. Price failed to provide Quinones with any warning before deploying K-9 Kong, and Quinones did not attempt to flee at any time.

13. As a result of the police dog attack, Quinones sustained serious injuries to his arm and groin, requiring urgent medical attention, surgery, and physical therapy.

14. All conditions precedent to the maintenance of this action have been met, sustained or waived.

## COUNT I: VIOLATION OF 42 U.S.C. § 1983

### (Against Defendant Price)

15. The allegations contained in Paragraphs 1 through 14 of this Complaint are incorporated by reference as if fully set forth herein.

16. At all times relevant to this Complaint, Defendant Price acted under color of statutes, ordinances, regulations, customs and usages of the State of Florida, the United States Constitution and the Sheriff's office.

17. Defendant Price's actions, as alleged in detail herein, deprived Plaintiff of his constitutional right to be free from unreasonable and excessive force during an arrest.

18. Defendant Price's conduct, as alleged in detail herein, violated the clearly established constitutional rights outlined above, of which a reasonable person would have known, and his actions were so obviously wrong that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing.

19. As a direct and proximate result of Defendant Price's actions, as alleged in detail herein, Plaintiff is entitled to damages, including, but not limited to, monetary damages, substantial mental anguish, emotional distress, aggravation, annoyance, inconvenience, and punitive damages.

20. The Plaintiff is entitled to reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff demands judgment against Defendant Price for compensatory damages, interest, costs, punitive damages and attorney fees and for such other and further relief

as this Court deems just and appropriate under the circumstances.

## COUNT II: NEGLIGENCE

### (Against Defendant Sheriff)

21. The allegations contained in Paragraphs 1 through 14 of this Complaint are incorporated by reference, as if fully set forth herein.

22. At all times relevant to this Complaint, Defendant Sheriff acted under color of statutes, ordinances, regulations, customs and usages of the State of Florida, the United States Constitution and his office.

23. Defendant Sheriff owes a duty to protect citizens from unreasonable and excessive force during an arrest.

24. Defendant Sheriff, by and through his agents and employees, breached this duty by (a) failing to create a proper policy to protect arrestees from harm, and/or (b) failing to properly train his officers to protect arrestees from harm.

25. Defendant Sheriff also breached this duty by virtue of the actions of Defendant Price, as more fully alleged herein, which were conducted in this course and scope of his employment and fell below the standard of care in connection with the utilization of a police dog for apprehending arrestees.

26. As a result of the Sheriff's breach of this duty, Quinones suffered excessive force during his arrest, causing him to sustain significant injuries, as more fully alleged herein.

27. As a direct and proximate result of the Defendant Sheriff's conduct, Plaintiff sustained damages, including, but not limited to, physical injuries, substantial mental anguish, and emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendant Sheriff for compensatory damages, interest, and costs, and for such other and further relief as this Court deems just and appropriate under the circumstances.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: April 25, 2011.

**FORIZS & DOGALI, P.A.**

**Joel J. Ewusiak, Esq.**
Fla. Bar No.: 0509361
E-mail: jewusiak@forizs-dogali.com
**Jacqueline H. Palik, Esq.**
Fla. Bar No.: 0042971
E-mail: jpalik@forizs-dogali.com
4301 Anchor Plaza Parkway, Suite 300
Tampa, Florida 33634
Telephone: 813.289.0700
Facsimile: 813.289.9435
*Attorneys for Plaintiff*