**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

JASON QUINONES,

   Plaintiff,

v.                                               Case No.  5:11-cv-232-Oc-10TBS

THE SHERIFF OF CITRUS COUNTY, in his
official capacity, and BOBBY PRICE, in his
representative and official capacity,

   Defendants.
_____/

## **ORDER**

Before the Court is defendant Sheriff of Citrus County's ("Sheriff") Motion to Compel Discovery, filed on October 26, 2011.  (Doc. 14.)  Plaintiff did not file a response to the motion.  On November 8, 2011, the Court granted plaintiff's former counsel's Motion to Withdraw as Counsel for plaintiff (Doc. 15) and also instructed that all pleadings and papers shall be served on plaintiff at two different addresses and that, should plaintiff's address change, it is his responsibility to promptly notify the Court and the parties in writing of his new address. Plaintiff's mail has since been returned as undeliverable at both addresses and plaintiff has not notified the Court of a new address.  In its Motion to Compel, defendant requests that this Court enter an Order (1) compelling plaintiff to provide signed answers to the Sheriff's initial interrogatories, (2) ordering that plaintiff appear for deposition prior to November 30, 2011, and (3) ordering plaintiff to provide complete answers to Interrogatories two and four.  For the reasons below, defendant's motion is due to be GRANTED.

A.     Legal Standard

A party upon whom interrogatories have been served has thirty days to respond either by filing answers or objections to the interrogatories. Fed. R. Civ. P. 33(b). Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3). Further, the person who makes the answers to interrogatories must sign them. Fed. R. Civ. P. 33(b)(5). If the serving party does not receive a response to their interrogatories, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion will be sustained absent a finding of abuse of discretion to the prejudice of a party. Id.

B.     Initial Interrogatories

The Sheriff served initial interrogatories upon plaintiff on July 21, 2011. On September 6, 2011, plaintiff served upon the Sheriff plaintiff's unverified answers to the Sheriff's initial interrogatories. On September 27, 2011, defendant's counsel wrote to plaintiff's counsel requesting verified answers to the Sheriff's initial interrogatories and addressed a number of deficiencies in the answers provided. Plaintiff's counsel has since withdrawn from the case and plaintiff has yet to serve signed answers, written under oath, to the Sheriff's initial interrogatories and the noted deficiencies have not been corrected. The Court agrees with defendant that it is imperative that plaintiff provide signed answers, written under oath, to the Sheriff's initial interrogatories and correct any deficiencies so that the defendant can proceed with depositions and non-party production. Therefore, the court orders that plaintiff provide verified answers to

the Sheriff's initial interrogatories and correct the deficiencies noted by the Sheriff.

C.   Interrogatories 2 and 4

Defendant also requests that the Court order plaintiff to serve complete answers to interrogatories two and four:

> Interrogatory 2: "List the names, business addresses, dates of employment, and rates of pay regarding any employers, including self-employment, from whom you have worked in the past ten (10) years."
>
> Plaintiff's Response to Interrogatory 2: "I do not recall any of this information. I will provide this information as soon as it is available to me."

Plaintiff did not object to providing the information sought by defendant in interrogatory two and this information is relevant and discoverable because plaintiff has asserted a claim for lost wages. Therefore, the Court orders plaintiff to provide a complete answer to Interrogatory number two.

> Interrogatory 4: "Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of one year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction, the specific crime, the date and the place of conviction.
>
> Plaintiff's Response to Interrogatory 4: "Yes. I do not recall the specifics of all crimes and convictions. To the best of my recollection, in 2000, I was convicted of possession of drugs with intent to sell and distribute, and served three years in prison. I was also convicted of leaving the scene of

an accident with injury. A chart of my arrest record, prepared by my attorney, is attached hereto."

If plaintiff cannot recall all of his prior convictions then, to the extent his criminal history report is not as readily obtainable by the Sheriff (the Court does not know if there are any restrictions on the Sheriff's access to criminal history information), the defendant should obtain this information from the Florida Department of Law Enforcement at his own expense and subsequently respond to Interrogatory number four.[1]

D.  Plaintiff's Deposition

Defendant's requests to plaintiff for available dates for plaintiff's deposition have not been answered by plaintiff and a date for plaintiff's deposition has not been set. The Court orders that plaintiff appear for his deposition, at a date, time and location convenient to the parties, on or before November 30, 2011.

E.  Conclusion

For the reasons above, Defendant's Motion to Compel Discovery (Doc. 14) is due to be GRANTED. The Court ORDERS that plaintiff:

(1) provide complete and signed answers, written under oath, to the Sheriff's initial interrogatories prior to November 30, 2011;

(2) provide a complete answer to Interrogatory two prior to November 30, 2011 and a complete answer to interrogatory number four if this information is not

---

[1] Defendant represents that plaintiff's former counsel previously offered to obtain plaintiff's criminal history from the Florida Department of Law Enforcement and provided signed forms so the plaintiff's tax returns and social security earnings information could be obtained. However, defendant has still not received information responsive to interrogatories two and four and plaintiff's former counsel has withdrawn from this case.

readily obtainable by the Sheriff; and

(3) appear for deposition on or before November 30, 2011.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on November 18, 2011.

THOMAS B. SMITH
United States Magistrate Judge

Copies to plaintiff and counsel of record.